UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

PERRY MITCHELL MILES,

      Petitioner,

    v.

SHERIFF,

      Respondent.

CAUSE NO. 1:26cv26 DRL-SJF

OPINION AND ORDER

Perry Mitchell Miles, a prisoner without a lawyer, filed a habeas petition challenging his pretrial detention in connection with criminal proceedings pending in the Allen Superior Court in Case No. 02D05-2507-F4-81. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Mr. Miles argues that he is entitled to habeas relief because he is being held in pretrial detainment without bail. Exhaustion of state court remedies is not a statutory requirement for habeas petitions filed pursuant to 28 U.S.C. § 2241, but "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991). Judicially-created common-law exhaustion applies when Congress has not clearly required exhaustion via statute. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015-16 (7th Cir. 2004). To exhaust, a habeas petitioner must "assert his federal claim

through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004)."This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.*

Under Indiana law, "the denial of a motion to reduce bail is a final judgment appealable as of right." *Sneed v. State*, 946 N.E.2d 1255, 1256 n.1 (Ind. Ct. App. 2011) (citing *State ex rel. Peak v. Marion Crim. Ct., Div. One*, 203 N.E.2d 301, 302 (Ind. 1965)). According to the petition, Mr. Miles has not presented an argument for bail to the state courts at any level. Instead jail staff have told Mr. Miles that "there has been no official order on the record that's appealable." The electronic docket for the Allen Superior Court (which the court judicially notices) appears to confirm a lack of a bail order, but it also indicates that Mr. Miles has filed only one motion arguing for bail that was rejected as improperly filed because Mr. Miles had defense counsel. The ruling of the Allen Superior Court thus suggests that Mr. Miles remains able to file such a motion either through defense counsel or as an unrepresented party. Consequently, the court finds that he has not exhausted his available state court remedies with respect to his claims.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Mr. Miles seeks habeas relief under Section 2241 rather than under Section 2254, so the statute of limitations set forth in Section 2244(d)(1) does not

apply. *See* 28 U.S.C. § 2244(d)(1) (applying the limitations period to petitions "by a person in custody pursuant to a *judgment* of a State court"); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) ("[P]risoners who seek to collaterally attack a conviction or sentence must satisfy the procedural requisites of § 2254 or § 2255 . . . , but persons challenging detention that is not pursuant to a judgment, or challenging the execution of their sentence, need not."); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("[T]here is no statute of limitations applicable to a federal prisoner's filing a section 2241 petition."); *White v. Lambert*, 370 F.3d 1002, 1008 (9th Cir. 2004) ("If we were to allow White to proceed under 28 U.S.C. § 2241, he would not be subject to the one-year statute of limitations provision of AEDPA, 28 U.S.C. § 2244(d)(1)."). Because dismissing this case will not effectively end Mr. Miles' chance at habeas corpus review by rendering his claims untimely, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging Mr. Miles to proceed further in federal court until he has exhausted his claims in state court.

For these reasons, the court:

3

(1) DISMISSES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are unexhausted;

(2) DENIES Perry Mitchell Miles a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

May 6, 2026                                        s/ Damon R. Leichty
                                                   Judge, United States District Court